IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 2:20-cr-200-RBS |
| TEVA PHARMACEUTICALS USA, INC. | : | |
| and GLENMARK PHARMACEUTICALS INC., USA | : | |

# UNITED STATES' OPPOSITION TO DEFENDANT GLENMARK PHARMACEUTICALS INC., USA'S MOTION FOR LIMITED DISCLOSURE OF EVIDENCE PRESENTED TO THE GRAND JURY AS TO "OTHER GENERIC DRUGS"

The United States opposes defendant Glenmark Pharmaceuticals, Inc. USA's motion for disclosure of grand jury materials, which is precisely the type of fishing expedition that grand jury secrecy prohibits. Glenmark has no particularized need for material protected by grand jury secrecy—let alone a need that outweighs the public's interest in maintaining secrecy—nor do the ends of justice favor disclosure. Glenmark's alternative requested relief—*in camera* review of grand jury materials—is unnecessary. Accordingly, the Court should deny Glenmark's Motion without a hearing.

## PROCEDURAL BACKGROUND

The Second Superseding Indictment ("Indictment") charges Glenmark Pharmaceuticals, Inc. USA ("Glenmark") with one count of conspiring with defendant Teva Pharmaceuticals USA, Inc. ("Teva") and other named and unnamed co-conspirators to "increase and maintain prices of pravastatin and other generic drugs sold in the United States." Dkt. 28 at 5.

Since Glenmark was charged for this offense in June 2020, *see* Dkt. 1, the United States has provided extensive discovery to Glenmark and has disclosed a variety of information on

drugs other than pravastatin. In May 2021, the United States provided Glenmark with a list of additional generic drugs beyond pravastatin about which the government may introduce evidence against Glenmark, and additional drugs about which the government may introduce evidence on Counts II and III. Dkt. 148, Ex. D. Also in May 2021, the United States provided Glenmark with a working list of potentially relevant records the United States has identified as it prepares for trial. Exhibit A. And in responding to Glenmark's severance motion, the United States proffered certain anticipated trial evidence identifying the relationships between products and co-conspirators. Dkt. 116.

In denying Glenmark's motion for severance and misjoinder, the Court rejected Glenmark's claim that the United States had constructively amended the indictment by proffering that it anticipated introducing evidence of "other drugs" beyond pravastatin that were subject to the charged conspiracy. Dkt. 146 at n1. In reaching that conclusion, the Court found that "the fact that the Government now intends to bring evidence of other generic drugs involved in Glenmark's portion of the conspiracy is in line with the indictment" and that "regardless of the additional drugs that the Government intends to introduce evidence about at trial, this does not change the actual offense charged in the indictment." *Id.*

## ARGUMENT

The United States has produced discovery and voluntarily provided additional information on the drugs subject to the charged conspiracy. Glenmark nonetheless claims this is insufficient and now asks the Court to pierce grand jury secrecy—and to improperly usurp the function of the grand jury—to provide access to "any testimony or exhibit" presented to the grand jury relating to "any generic drugs other than pravastatin" that may relate to the charged conspiracy, so that it can determine "whether there is a basis to strike these allegations from the

2

case," Dkt. 148 at 2, 7; *see United States v. Staton*, No. CRIM.A. 10-800-01, 2012 WL 2077196, at *4 (E.D. Pa. June 8, 2012) (Surrick, J.) (noting that grand jury proceedings, including the minutes and testimony presented to a grand jury, are "entitled to a strong presumption of regularity").

The strong presumption is that grand jury proceedings are conducted in secret. *See Giles v. California*, 554 U.S. 353, 371 (2008); *United States v. R. Enters., Inc.*, 498 U.S. 292, 299 (1991) (explaining that Federal Rule of Criminal Procedure 6(e) codifies the "strict secrecy requirements" of grand jury proceedings). Rule 6(e) applies to "anything which may reveal what occurred before the grand jury," naturally including the presentation of any testimony or exhibits, *United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997) (internal quotes omitted), and narrowly cabins circumstances in which a court may authorize disclosure. *See* Fed. R. Crim. P. 6(e)(3)(E).

Glenmark seeks to rely on two of the enumerated exceptions—subsection (i)'s exception for disclosure "in connection with a judicial proceeding," Rule 6(e)(3)(E)(i), and subsection (ii)'s exception for disclosure "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury," Rule 6(e)(3)(E)(ii). The first plainly does not apply to this situation, and disclosure is unwarranted under the second.

**I.     Rule 6(e)(3)(E)(i) does not apply to this situation**

Glenmark cannot rely on Rule 6(e)(3)(E)(i). In this district, it is "settled" law that subsection (i) applies only "to situations where the judicial proceeding for which disclosure of grand jury material is sought is a judicial proceeding different from the criminal trial authorized by the grand jury's indictment." *United States v. Bunty*, 617 F.Supp.2d 359, 372 (E.D. Pa. 2008)

(*citing United States v. Nguyen*, 314 F.Supp.2d 612, 615 (E.D. Va. 2004)); *see id*. at n.16 ("As the *Nguyen* court noted, were this not the case, [subsection (i)] would render [subsection (ii)] superfluous, as the first exception would always encompass the second."). The grand jury materials sought by Glenmark relate solely to the Indictment. Accordingly, Glenmark cannot successfully invoke subsection (i).

## II. Rule 6(e)(3)(E)(ii) does not authorize disclosure here

Glenmark cannot satisfy the requirement for disclosure under subsection (ii), which authorizes a court to pierce grand jury secrecy only after a movant has "show[n] that a ground may exist to dismiss the indictment because of a matter occurring before the grand jury." In making that showing, a movant must make a "particularized and factually based" claim that "irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." *United States v. Chalker*, No. CRIM.A. 12-0367, 2013 WL 4547754, at *4 (E.D. Pa. Aug. 27, 2013) (Surrick, J.), at *4. Glenmark fails to do so, for two separate reasons both fatal to its claim: 1) the purported "irregularities" it identifies do not warrant dismissal of the indictment; and 2) its claim is not particularized and fact based.

### A. The proffered "irregularities" would not warrant dismissing the indictment

Because Glenmark's request for grand jury materials related to "other drugs" does not seek to reveal a purported defect in the indictment, it does not meet (ii)'s threshold requirement. *See United States v. Aldea*, 692 Fed. App'x 87, 89 (3d Cir. 2017) (per curiam) (affirming denial of motion for relief under subsection (ii) because defendant failed to demonstrate how disclosure of grand jury materials could reveal a "fatal defect" in the indictment). Glenmark vaguely asserts that its Fifth Amendment right would be violated if the grand jury considered only evidence linking Glenmark to pravastatin, Dkt. 148 at 3, but ignores that as this Court has already found, the validity of the indictment against Glenmark does not rely on the evidence of

4

particular "other drugs." Dkt. 146 at 10 n.1 ("[R]egardless of the additional drugs the United States intends to introduce evidence about at trial, this does not change the actual offense charged in the indictment."). Therefore, Glenmark fails to show how the grand jury materials it requests would demonstrate any irregularities warranting dismissal of the charge.

Nor could it, as the Indictment is plainly sufficient on its face. As the Supreme Court has held, "[a]n indictment returned by a legally constituted and unbiased jury, …, if valid on its face, is enough to call for trial of the charge on the merits," *Costello v. United States*, 350 U.S. 359, 363–64 (1956), and "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338 (1974) (*citing to Costello*, 350 U.S. 359). Were Glenmark granted access to grand jury materials, it would change nothing about the Indictment's sufficiency.[1]

Purported concerns about an indictment's specificity do not warrant dismissal of an indictment—at most, the appropriate remedy is a bill of particulars, which does not require piercing grand jury secrecy. But even a bill of particulars would not be warranted here, where the Indictment contains detailed allegations and the United States has provided substantial discovery about the Indictment. A bill of particulars is necessary only where the charging document is insufficient to allow defendants to adequately prepare a defense, avoid surprise at trial, or be protected against double jeopardy. *See United States v. Urban*, 404 F3d 754, 771 (3d

---

[1] Glenmark does not challenge the facial sufficiency of the Indictment, which clearly meets this standard. An indictment is valid on its face if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepare to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a formal acquittal or conviction in the event of a subsequent prosecution." *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013) (*quoting United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)). The Third Circuit has generally found that an indictment meets the first requirement if it contains a "recitation of the statutory language." *Stock*, 728 F.3d at 292. The Indictment meets and exceeds that burden. Dkt. 28, ¶ 20. And the Third Circuit has found that "a factual orientation that includes a specification of the time period of the alleged offense" is sufficient to normally satisfy the second and third requirements. *Stock*, 728 F.3d at 292. The Indictment also meets and exceeds that burden. Dkt. 28, ¶ 20.

Cir. 2005) ("Only where an indictment fails to perform these functions will a bill of particulars be warranted."); *United States v. Knight*, No. CRIM.A. 12-0367, 2013 WL 3367259 (E.D. Pa. July 3, 2013) (Surrick, J.). The Indictment easily meets this standard.

### B. Glenmark's claim is not particularized or fact-based

Moreover, mere speculation—which is all that Glenmark offers—does not constitute a particularized need justifying access to the grand jury materials. Grand jury proceedings are "entitled to a strong presumption of regularity." *Chalker*, 2013 WL 4547754, at *4; *Staton*, 2012 WL 2077196, at *4 ("heavy burden of demonstrating a particularized need" is required before a court may "launch into an adversary excursion into the grand jury proceeding which returned an indictment"); *see also Costello,* 350 U.S. 359, 363–64 ("It would run counter to the whole history of the grand jury institution" to allow a defendant to challenge an indictment "on the ground that there was inadequate or incomplete evidence before the grand jury."). Overcoming that presumption requires a justification based on "particularized and factually based grounds, which must be based on more than "bald assertion[s]," "unsupported beliefs and conjectures," and "speculative allegations of misconduct" by the United States before the grand jury. *Chalker*, 2013 WL 4547754, at *7 (*quoting United States v. Shane*, 584 F.Supp. 364, 367 (E.D.Pa.1984); *United States v. Naegele*, 474 F.Supp.2d 9, 10 (D.D.C. 2007) ("It is also settled that conclusory or speculative allegations of misconduct do not meet the particularized need standard; a factual basis is required.")).

Glenmark does not even attempt to meet that standard. Instead it argues—circularly, and contrary to the caselaw—that the point of the motion is to allow it to search for a basis. Dkt. 148 at 8. Rather than identifying some "particular event or irregularity that took place" before the grand jury, *Staton*, 2012 WL 2077196, at *4, Glenmark offers generalized "concerns" about the

6

evidence the grand jury was shown, which it acknowledges are "supported" only by Glenmark's claim "that the government's proffer [in opposition to Glenmark's severance motion] treats Glenmark as an alleged co-conspirator" in Counts II and III. Dkt. 148 at 8. That claim is both inaccurate and irrelevant to what evidence the grand jury was shown on drugs that were part of the Count I conspiracy. And it is precisely the type of "vague allegations" that this Court and the Third Circuit have found to be a categorically insufficient reason to pierce grand jury secrecy. *See, e.g., United States v. Minerd*, 299 F.App'x 110, 111–12 (3d Cir. 2008) (holding that the defendant's speculation that the United States had committed "prosecutorial misconduct and fraud before the grand jury" did not demonstrate particularized need for disclosure); *Staton*, 2012 WL 2077196, at *4 (denying motion for disclosure where defendant provided only a "bald assertion of impropriety" and "speculation about what the grand jury minutes may reveal").

Glenmark is simply "hoping to engage in a fishing expedition or to satisfy an unsupported hope of revelation of useful information." *United States v. Slade*, CRIM.A. 12-0367, 2013 WL 3344341, at *4 (July 3, 2013) (Surrick, J.) (*quoting United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir. 2001)). But a defendant's hope for some great revelation as it prepares for trial "is not a proper basis to overcome the presumption of secrecy afforded to grand jury materials." *Slade*, 2013 WL 3344341, at *5 (*citing United States v. Hill*, No. 10-CR-191A SR, 2012 WL 1144566, at *10 (W.D.N.Y. Apr. 4, 2012) (denying defendant's request for disclosure of grand jury materials to prepare for his defense as insufficient to establish "particularized need"); *United States v. Reliford*, No. 11-20158, 2011 WL 2144216 (E.D. Mich. May 31, 2011) (finding the argument that defendant needed grand jury materials to "prepare a defense and cross-examine" is insufficient to overcome grand jury secrecy); *United States v. Ortiz*, No. 10-CR-188A SR, 2012 WL 3313497 (W.D.N.Y. June 15, 2012)).

## C. The ends of justice do not favor disclosure of the grand jury materials

Glenmark's failure to articulate a particularized need for access to the grand jury materials should end this Court's analysis under Rule 6(e)(3)(E)(ii). But even if the Court finds that a particularized need for disclosure exists, disclosure is warranted only to the extent it is it "needed for the ends of justice" when weighed against the competing interests of maintaining grand jury secrecy. *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989) (*quoting In re Grand Jury Matter (Cantania)*, 682 F.2d 61, 62 (3d Cir. 1982)); *see Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979) (explaining that in balancing the interests of privacy against disclosure, a court "necessarily is infused with substantial discretion"); *Bunty*, 617 F.Supp. 2d at 372 (the court must "assess whether the need for disclosure overbalances the requirements of secrecy," a showing that "must be made even when the grand jury whose transcripts are sought has concluded its operations").

Because the grand jury investigation is ongoing, *see* Dkt. 133 at 12, the materials Glenmark seeks remain entitled to the full presumption of secrecy under Rule 6(e). *Cf. United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 234 (1940) ("[A]fter the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it"). And this Court may also consider "not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Douglas Oil Co.*, 441 U.S. at 222. The Supreme Court has instructed that courts should be mindful of potentially chilling witnesses from testifying for fear that their testimony "may one day be disclosed to outside parties," and that "fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties." *Id*.

Glenmark has provided no factual basis for its vague and speculative assertions of potential misconduct by the United States, and it is requesting access to potentially extensive grand jury testimony and exhibits. Weighing the ends of justice against the purported need for disclosure here, the scales balance decidedly against disclosure of a grand jury matter.

III. ***In camera* review is unwarranted**

As an alternative to disclosure, Glenmark asks that this Court perform an *in camera* review of the grand jury materials. Dkt. 148 at 11. As this Court noted in *Chalker*, an *in camera* review of grand jury materials is unnecessary where the movant "has failed to establish a particularized need for disclosure." *Chalker*, 2013 WL 4547754, n.9. *See Shane*, 584 F.Supp. 364, 367 (noting that courts should not conduct *in camera* reviews of grand jury materials based on "mere unsupported pleadings"). Because Glenmark has failed to establish a particularized need to access the grand jury materials, this Court should also deny its request for an *in camera* review of the same.

**CONCLUSION**

For the foregoing reasons, the United States of America respectfully requests that this Court deny Glenmark Pharmaceuticals, Inc. USA's Motion for Limited Disclosure of Evidence Presented to the Grand Jury As To "Other Generic Drugs" without a hearing.

Dated: February 15, 2022

Respectfully submitted,

 /s/ Julia M. Maloney
Mark C. Grundvig
Emma M. Burnham
Matthew W. Lunder
James A. Ryan
Julia M. Maloney

9

Attorneys
U.S. Department of Justice
Antitrust Division
450 5th Street NW, 11th Floor
Washington, DC 20530
(202) 305-1878

# CERTIFICATE OF SERVICE

I hereby certify that this pleading was electronically filed, and was thus served on this the 15th day of February, 2022 on defense counsel:

Beth A. Wilkinson (*pro hac vice*)
Brian L. Stekloff
Kosta Stojilkovic
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Fax: (202) 847-4005
bwilkinson@wilkinsonstekloff.com

Ann C. Flannery (PA Bar #52553)
Law Offices of Ann C. Flannery, LLC
1835 Market Street, Suite 2700
Philadelphia, PA 19103
215-636-9002
acf@annflannerylaw.com

*Attorneys for Defendant Glenmark Pharmaceuticals Inc., USA*

R. Stephen Stigall, Esquire
David L. Axelrod
James A. Mitchell
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
stigalls@ballardspahr.com

Mark P. Ressler
KASOWITZ BENSON TORRES LLP
1633 BROADWAY
NEW YORK, NY 10019
212-506-1700
mressler@kasowitz.com

*Attorneys for Teva Pharmaceuticals USA, Inc.*

 /s/ Julia M. Maloney
Julia M. Maloney
Attorney

# EXHIBIT A



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

450 Fifth Street, N.W.
Washington, DC 20530-0001

May 21, 2021

*via email to*
David L. Axelrod, Esq.
Counsel to Teva Pharmaceuticals USA, Inc.
axelrodd@ballardspahr.com

   Re: *U.S. v. Teva Pharmaceuticals USA, Inc. and Glenmark Pharmaceuticals Inc., USA (2:20-cr-200-RBS)*

Dear David:

  To the extent our letter dated April 27, 2021, was not sufficiently clear, we write again to confirm that the charges in Counts 1, 2, and 3 of the Second Superseding Indictment ("Indictment") (DN 28), involve drugs beyond those specifically named in the Indictment as is clear from the language of the Indictment and as set forth in our prior correspondence. Our position remains unchanged regarding your request that the government identify "dates on which Teva and its co-conspirators allegedly communicated about anticompetitive activity;" "specific actions Teva and its co-conspirators allegedly undertook in furtherance of anticompetitive activity;" or information "related to the allegations that Teva and its co-conspirators declined requests to bid or submitted non-competitive bids and offers as part of the charged conspiracy."

  The Indictment informs your client of the nature of the charges against it and, together with the extensive discovery provided to date, is more than sufficient to allow you to adequately prepare a defense, avoid surprise at trial, and protect your client against double jeopardy. *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) ("Only where an indictment fails to perform these functions will a bill of particulars be warranted."); *United States v. Knight*, No. 12–0367, 2013 WL 3367259, at *3 (E.D. Pa. July 3, 2013) ("A detailed indictment supplemented with extensive discovery, weakens, if not obviates, the need for a bill of particulars.").

  As previously indicated, the government has provided extensive discovery including early access to memoranda of numerous interviews conducted during the investigation. Those memoranda provide significant detail relating to the charges set forth in the Indictment including information regarding relevant dates, pricing and customers. Those memoranda (and documents specifically identified therein), as well as other discovery produced, provide detailed information about the charges specified in the Indictment which will allow your client to adequately prepare for trial.

Additionally, as stated in our April 27, 2021 letter, we are providing you with an initial working list of potentially relevant records we have identified as we prepare for trial. This is a preliminary list that the government intends to supplement during ongoing trial preparation, including to add data (excerpts and full files), which is not included in the attached initial working list. Nonetheless, it is yet further information that is provided which will assist in your preparation for trial.

Sincerely,

Mark C. Grundvig
U.S. Department of Justice
Antitrust Division

Enclosure

Cc: Stephen Stigall, Esq.
    Beth Wilkinson, Esq.
    Brian L. Stekloff, Esq.
    Kosta Stojilkovic, Esq.
    Lisa C. Dykstra, Esq.