IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CRIMINAL ACTION |
| v. | : |
| | :    NO. 20-200 |
| | : |
| TEVA PHARMACEUTICALS USA, INC. | : |
| and GLENMARK PHARMACEUTICALS., | : |
| USA | : |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                     **OCTOBER 13, 2022**

       This matter, stemming from an alleged conspiracy to fix and maintain prices of generic drugs in the United States, involves a request by Defendant Glenmark Pharmaceuticals, Inc., USA to pierce grand jury secrecy and disclose evidence presented to the grand jury on drugs other than pravastatin, the only drug explicitly named in the Second Superseding Indictment (SSI). Glenmark's Motion for Limited Disclosure of Evidence Presented to the Grand Jury as to "Other Generic Drugs" (ECF No. 148) is opposed by the Government, which argues that Glenmark has failed to meet the requirements for grand jury disclosure set out in Rule 6(e)(3)(E)(ii). We agree, and deny the Motion for two reasons. First, an indictment cannot be challenged or dismissed based on alleged inadequacy or insufficiency of the evidence presented to the grand jury. Second, Glenmark fails to meet its burden of providing a factual and particularized basis for disclosure.

**I.**        **BACKGROUND**

       Defendants Glenmark and Teva, along with non-parties Apotex, Taro, and Sandoz, are alleged to have participated in a conspiracy to fix the price of multiple generic drugs in the

United States. On August 25, 2020, a grand jury issued a three-count SSI against Defendants Glenmark and Teva. (SSI ¶ ¶ 21-57, ECF No. 28.) The SSI charges Glenmark with one count of conspiring with defendant Teva and other co-conspirators to "increase and maintain prices of pravastatin and other generic drugs sold in the United States." (*Id*. at ¶ 20.) In May of 2021, the Government provided Glenmark with a list of additional generic drugs beyond pravastatin on which the government may introduce evidence against Glenmark at trial. (Def. Br. in Supp. Motion for Limited Disclosure, ECF No. 148, Ex. D.) The Government has disclosed a variety of information and provided extensive discovery on these other generic drugs to Glenmark throughout the discovery process.

In opposing Glenmark's Motion for Severance and Misjoinder, the Government proffered certain anticipated trial evidence against Glenmark, which included evidence of conspiracies involving Glenmark and generic drugs other than Pravastatin. We accepted the Government's proffer of evidence, as permitted by law, in our decision to deny the Motion. *United States v. Teva Pharm. USA, Inc.*, No. 20-200, 2022 U.S. dist. LEXIS 7381, at *6-8, 13-16 (E.D. Pa. Jan. 14, 2022). Glenmark now brings this Motion for Limited Disclosure of Evidence Presented to the Grand Jury as to "Other Generic Drugs" to ultimately determine whether the grand jury heard evidence on drugs other than pravastatin as to Glenmark's portion of the conspiracy. If not, Glenmark asserts, the Government is impermissibly broadening the scope of the SSI, which violates its 5th Amendment rights.

## II.     LEGAL STANDARDS

"[T]he standard practice since approximately the 17th century has been to conduct grand jury proceedings in secret." *Giles v. California*, 554 U.S. 353, 371 (2008); *see also Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979) ("[T]he proper functioning of our

grand jury system depends upon the secrecy of grand jury proceedings."); *United States v. R. Enters., Inc.*, 498 U.S. 292, 299 (1991) (noting that "grand jury proceedings are subject to strict secrecy requirements"). Federal Rule of Criminal Procedure 6(e) recognizes this tradition of secrecy, and seeks to preserve it, "creating a general rule of confidentiality for all matters occurring before the grand jury." *United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997). Rule 6(e) applies to anything that reveals what occurred before the grand jury, including exhibits and testimony. *Id.*

Rule 6(e) contains several exceptions to grand jury secrecy. One such exception outlined in Rule 6(e)(3)(E)(ii) authorizes the court to disclose a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Because grand jury proceedings are entitled to a strong presumption of regularity, a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) must establish that "irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." *United States v. Bunty*, 617 F. Supp. 2d 359, 372 (E.D. Pa. 2008). This must be done "based on particularized and factually based grounds." *Id*; *see also United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989) (emphasizing that to obtain grand jury materials, a party must show "a particularized need for that information which outweighs the public interest in secrecy") (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1957)). The defendant's request must be "structured to cover only material so needed." *In re Grand Jury Matter (Cantania)*, 682 F.2d 61, 64 (3d Cir. 1982) (quoting *Douglas*, 441 U.S. at 222)).

Once the defendant has demonstrated a particularized need for disclosure the court "must weigh the competing interests and order so much disclosure as needed for the ends of

justice." *McDowell*, 888 F.2d at 289 (quoting *Cantania*, 682 F.2d at 62). The judge is afforded considerable discretion when balancing these competing interests. *Id.*; *Bunty*, 617 F. Supp. 2d at 372 ("The decision to permit disclosure [of grand jury transcripts] is within the discretion of the trial court judge who must assess whether the need for disclosure overbalances the requirements of secrecy.") (quoting *United States v. Mahoney*, 495 F. Supp. 1270, 1272 (E.D. Pa. 1980)).

### III. DISCUSSION

Glenmark's overarching argument is that disclosure of grand jury proceedings that relate to evidence presented against Glenmark about medications other than pravastatin is appropriate to determine whether the grand jury could have adequately found probable cause as to those medications. Glenmark argues that the Fifth Amendment requires this, as a "court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *See Stirone v. United States*, 361 U.S. 212, 217 (1960). Glenmark contends that allowing this case to proceed without such a disclosure would strip Glenmark of its ability to test whether its Fifth Amendment rights have been violated due to the "substantial differences" between the conspiracies alleged in the SSI and the government's post-indictment proffer to the Court in its opposition to the motion to sever. However, Glenmark's Fifth Amendment argument is contrary to well-established law and therefore fails.

Glenmark has not met its burden under Rule 6(e)(3)(E)(ii)[1] for disclosure of grand jury materials, as it has failed to make a "particularized and factually based" argument that there were

---

[1] Glenmark also attempts to argue for disclosure under Rule 6(e)(3)(E)(i), which allows disclosure of grand jury proceedings "in connection with a judicial proceeding." However, it is settled law that exception (i) "applies only to situations where the judicial proceeding for which disclosure of grand jury material is sought is a judicial proceeding different from the criminal trial authorized by the grand jury's indictment." *United States v. Bunty*, 617 F. Supp. 2d 359, 372 (E.D. Pa. 2008) (quoting *United States v. Nguyen*, 314 F. Supp. 2d 612, 615 (E.D. Va. 2004)

4

"irregularities in the grand jury proceedings which may create a basis for dismissal of the indictment." First, it has failed to identify any "irregularities" which may warrant dismissal of the SSI. Glenmark's proffered "irregularity" in the grand jury proceeding is its belief that insufficient evidence was presented to the grand jury on "other generic drugs." However, the law is clear that an indictment cannot be challenged based on inadequacy or insufficiency of the evidence presented to the grand jury. *Costello v. United States*, 350 U.S. 359, 363 (1956); *United States v. Doe*, 429 F.3d 450, 453 (3d Cir. 2005) (it is the grand jury's job to determine "how much information is enough" to find probable cause for an indictment); *United States v. Katzin*, 707 F. App'x 116, 120 (3d Cir. 2017) (affirming refusal to strike the indictment based on challenges to sufficiency of the evidence before the grand jury); *United States v. Totoro*, No. 15-291, 2017 U.S. Dist. LEXIS 117371, at *10 (E.D. Pa. July 27, 2017) ("a defendant is not entitled to challenge an indictment on [the] basis" of "sufficiency of the Government's evidence at the grand jury proceeding."). Therefore, Glenmark's challenge to the sufficiency of the evidence presented to the grand jury on "other generic drugs" cannot be an "irregularity" in the grand jury proceeding "which may create a basis for dismissal of the indictment" because indictments should not be dismissed on this basis. *United States v. Walton*, No. 04-508-03, 2005 U.S. Dist. LEXIS 28331, at *3 (E.D. Pa. Nov. 16, 2005) ("Courts generally refuse to dismiss indictments based on insufficiency of the evidence presented to the grand jury.").

While Glenmark grounds its argument for disclosure on ensuring that its Fifth Amendment rights have not been violated, it is clear that the Fifth Amendment does not support Glenmark's request. As the Supreme Court has stated,

---

(citing *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958))). Therefore, all arguments made under this section of the Rule fail.

> [I]f indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment.

*Costello*, 350 U.S. at 636. Rather, "an indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *Id*. Accordingly, all that we must do here is confirm that the SSI was indeed valid on its face.

The Third Circuit has held that an indictment is facially sufficient if it: "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012). These requirements are generally satisfied if an indictment "informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *Id*. The SSI is clearly sufficient here, as it contains each of these elements. First, the SSI informs Glenmark of the statute it is charged with violating, Section 1 of the Sherman Act (15 U.S.C. § 1). (SSI ¶ 20.) The second and third requirements for an indictment are satisfied by "a factual orientation that includes a specification of the time period of the alleged offense." *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013). Here, the SSI contains a detailed recitation of the facts and alleged acts by Glenmark and its co-conspirators in Count I. (SSI ¶ 21-31.) This factual recitation also includes the time period during which the violations occurred. (*Id*.) Therefore, the SSI is facially sufficient. Accordingly, Glenmark's attempt to challenge the

indictment on the basis of insufficient evidence presented to the grand jury for a finding of probable cause must fail.

Additionally, Glenmark has not given a "particularized and factually based" argument for disclosure. Glenmark's arguments are wholly based on speculation and are not grounded in fact. Glenmark asserts that it is "concerned" that (1) the grand jury was not presented with evidence implicating it in any conspiracy beyond pravastatin, and (2) that the government reframed the charged conspiracy after it learned of Glenmark's intent to seek a severance, to posit a link between Glenmark and Counts Two and Three. Glenmark gives no "particularized" or "factual" support for these assertions. Rather, it simply posits that "one would expect [the government] to have included [the allegations presented in the government's proffer in response to the motion to sever] in the proposed SSI." (Def. Br. at 7). This argument is circular—essentially asking the court to open grand jury proceedings to allow it to search for a basis for dismissal of the SSI— and is based on nothing more than speculation. This is particularly the type of scenario that Rule 6(e)(3)(E)(ii) protects against by requiring a party seeking to pierce grand jury secrecy to support its request to do so in a "particularized and factual" manner.

For these reasons, Glenmark does not meet the high bar for disclosure of grand jury proceedings laid out in Rule 6(e)(3)(E)(ii) and the Motion is denied.

## IV.     CONCLUSION

For the foregoing reasons, Glenmark's Motion for Limited Disclosure of Evidence Presented to the Grand Jury as to "Other Generic Drugs" is denied.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**